IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-109 |
| BRYAN WEINGARTEN | : | |

### O R D E R

AND NOW, this       day of August, 2013, upon consideration of WP Realty Investor Laurence Shiekman's Motion to Intervene and Unseal Judicial Records, and the government's response, and after balancing the public right of access to court documents with ensuring the confidentiality of an ongoing criminal investigation and the safety of cooperating witnesses, it is hereby

### ORDERED

that Investor Shiekman's motion to unseal the docket is DENIED. It is further ORDERED that (1) the government provide redacted versions of documents the government has filed with the Clerk's Office, that is, the Information and government's Change of Plea Memorandum to investor Shiekman, and (2) investor Shiekman and his attorney shall not reproduce any portions of these redacted documents, not shall he permit other persons to copy or view these documents, without the approval of the Court.

BY THE COURT:

_____
HONORABLE LEGROME D. DAVIS
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 13-109 |
| BRYAN WEINGARTEN | |

**FILED AUG 01 2013 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk**

## GOVERNMENT'S RESPONSE IN OPPOSITION TO INVESTOR LAURENCE SHIEKMAN'S MOTION TO INTERVENE AND UNSEAL JUDICAL RECORDS

The United States of America, by and through its undersigned attorneys, hereby responds to the motion of Laurence Shiekman, Investor in WP Realty, to intervene and unseal the docket in the above-referenced matter. The Government moves this Court to deny Mr. Shiekman's motion to unseal the entire docket, and in the alternative, grant the Government's motion to provide redacted versions of documents previously filed with the Clerk's Office in this matter, that is, the Information and Government's Change of Plea Memorandum. In support of its motion, the Government states the following:

1. Contrary to Mr. Shiekman's assertion, there remain compelling reasons to keep the docket entries in this case under seal. The Guilty Plea Agreement, the Government's Change of Plea Memorandum, and the Motion to Impound, are documents which, if made public, would jeopardize the confidentiality of an ongoing criminal investigation and future investigations in which the defendant may cooperate.

2. Although the public has a common law right of access to judicial proceedings and papers, the subject documents should be sealed, as the interest in confidentiality outweighs that public interest. Matters regarding ongoing criminal investigations that have not yet been charged are traditionally conducted *ex parte* and *in camera*, with deference to the government's

determination that investigative matters should be sealed.

3. As Mr. Shiekman acknowledges in his Motion, defendant Weingarten sent a letter to his investors explaining that he was entering into a guilty plea to filing false income tax returns for years 2006-2008 related to his personal income tax returns, which did not impact any of the Funds or properties managed by WP Realty. Defendant Weingarten also acknowledged payment of his outstanding tax debt and his intent to cooperate fully with the government. (See Shiekman Exhibit A)

4. These facts were reiterated to Mr. Shiekman's counsel, Michael Schwartz, Esquire, by Weingarten's attorney, Thomas Bergstrom, Esquire. Mr. Bergstrom again reassured Mr. Schwartz that defendant Weingarten's failure to report personal income in no way affected WP Realty or its investors.

5. Having been provided general information by defendant Weingarten and his attorney, Mr. Shiekman, the only WP Realty investor to make this request to unseal the docket, fails to demonstrate how his interest, or the purported "public interest" is so significant that it outweighs the government's interest in maintaining the confidentiality of its ongoing investigation as well as the right of the reputational and privacy interest of parties recognized by the Third Circuit in United States v. Smith, 776 F.2d 1104 (3d Cir. 1985) ("....privacy rights may outweigh public's interest in disclosure.")

The Third Circuit and the Supreme Court have held that a court may seal otherwise public information in a criminal case, "if it 'is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.'" Smith, 776 F.2d 1104, 1112 (3d Cir. 1985) (citation omitted); see also Press-Enterprise Co. v. Superior Court of

California, 464 U.S. 501, 510 (1984). "[T]he need to protect individual privacy rights may, in some circumstances, rise to the level of a compelling governmental interest and defeat First Amendment right to access claims." Smith, 776 F.2d at 1112. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. Id. at 1113. For example, in Smith, the Court of Appeals permitted the sealing of a portion of a bill of particulars, finding that the naming of persons in the bill as unindicted co-conspirators carried such a risk of harm to uncharged persons as to warrant the sealing of that portion of the document.

The government acknowledges that the Third Circuit has held that the press may intervene in federal criminal cases to seek access to sealed trial records or closed courtroom proceedings, and that denials of such motions to intervene are appealable. See, e.g., United States v. Antar, 38 F.3d 1348 (3d Cir. 1994) (press appeal from order limiting access to sealed voir dire transcripts); United States v. A.D., 28 F.3d 1353 (3d Cir. 1994) (press appeal challenging closure of courtroom for juvenile delinquency proceeding); United States v. Smith, 776 F.2d 1104 (3d Cir. 1985) (press appeal from denial of motion to unseal bill of particulars naming unindicted coconspirators). However, this narrow exception to the rule against intervention by third parties is grounded upon the need to ensure the constitutional right to public access to courtroom proceedings. It has never been extended to requests by individuals for access to sealed documents pertaining to criminal investigations.

6. Accordingly, balancing the public's right of access to court proceedings and filings with the government's strong interest in maintaining the confidentiality of an ongoing criminal investigation and preventing disclosure of persons not yet charged with any crime, the

government respectfully requests that Mr. Shiekman's Motion to Unseal the docket be DENIED.

7.  In the alternative, the government proposes to accommodate Mr. Shiekman's interest while preserving the government's interest in protecting the confidentiality of an ongoing criminal investigation and future investigations by providing him with redacted versions of the Information and the government's Change of Plea Memorandum, subject to a Protective Order issued by the Court.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/S/  A. Nicole Phillips
A. NICOLE PHILLIPS
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon:

**_Counsel for Laurence Shiekman_**
Michael A. Schwartz, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799
Email: schwartzma@pepperlaw.com



**_Counsel for Defendant Bryan Weingarten_**
Thomas A. Bergstrom, Esq.
Buchanan, Ingersoll and Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Email: thomas.bergstrom@bipc.com

/S/ A. Nicole Phillips
A. NICOLE PHILLIPS
*Assistant United States Attorney*

Date: August 1, 2013