IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIM NO. 13-109 |
| : | |
| BRYAN WEINGARTEN : | |

## SUPPLEMENTAL MEMORANDUM
## IN AID OF SENTENCING-DEPARTURE FOR GOOD WORKS

A defendant's good works, where exceptional, permit a downward departure. *United States v. Kulick*, 629 F.3d 165, 176 (3rd Cir. 2010); *United States v. Cooper*, 394 F.3d, 172, 176 (3rd Cir. 2005); *United States v. Serafini*, 233 F.3d 758, 773 (3rd Cir. 2000). In *Kulick*, the Third Circuit made clear that the district court has "substantial discretion" in granting a motion for downward departure based upon a defendant's good works. 629 F.3d at 176.

In deciding whether a defendant's good works are "exceptional", the Court must determine whether the good works exist "to an exceptional degree, or in some [other way] that makes the case different from the ordinary case." *Serafini*, 233 F.3d at 772. "Exceptional" good works are those that are "qualitatively different" from the detached donations of money and are "more personal" in nature. *Cooper*, 394 F.3d at 177. Good works that exist to an "exceptional degree" or were performed in an "extraordinary manner" may provide the basis for a downward departure. *Serafini*, at 233 F.3d at 772.

In *Serafini*, for example, the Third Circuit affirmed a three-level downward departure for a state legislator who "extended himself to [constituents and friends] in unique and meaningful

ways" that were "in part financial, and in part, devotion of himself and his time." 233 F.3d at 773, 775. The defendant secured money for a friend's medical treatment, gave a widow $750 to pay her mortgage, forgave a substantial debt and contributed to college scholarships. *Id.* at 773-74. He also mentored a college student who suffered an injury and loaned the student money to return to college. *Id.* at 774. The Third Circuit affirmed the district court's judgment that these good deeds were sufficiently exceptional to warrant a downward departure.

In *Cooper*, the Third Circuit affirmed a four-level downward departure for a wealthy business executive who was convicted of securities fraud. The Court found it exceptional that the defendant organized and ran a youth football team in a depressed area of Pittsburgh, paid for four of the athletes to attend a better high school, and helped one of the athletes attend college. 394 F.3d at 177-78. These acts, the Court concluded, were more "hands-on" and "personal" than the "detached donation of money" that "one might ordinarily expect from a wealthy business executive," and therefore warranted a downward departure for "exceptional" good works. *Id.* at 177.

In *United States v. Tomko*, an *en banc* Third Circuit affirmed a variance down to a non-custodial sentence based in part on the defendant's good works. 562 F.3d 558, 560-61 (3d Cir. 2009) (affirming sentence of probation, community service, restitution, and a fine despite a 1218 month Guideline range). There, the defendant participated in a holiday gift drive, helped a young widow with a family, and, after his indictment, volunteered his time and construction expertise to construct houses with Habitat for Humanity. *Id.* at 572; *see also United States v. Ali*, 508 F.3d 136, 150 & n. 19 (3d Cir. 2007) (finding departure reasonable based on defendant organizing school fundraisers, assisting school, counseling a parent for several hours and

2

becoming her nieces' legal guardian so they could attend better schools);[1] *United States v. Bortnick*, No. 03-CR-0414, 2006 WL 680544, at *6 (E.D. Pa. Mar. 15, 2006) (granting downward departure where defendant business owner arranged and paid for the grandchild of an employee in his Russian factory to fly to Philadelphia twice for surgery that could not be obtained in Russia); *United States v. Bennett*, 9 F.Supp. 2d 513, 525 (E.D.) Pa. 1998) (granting downward departure for good works because defendant worked in drug counseling and prevention programs, created an organization to help non-profits obtain funding, and provided financial consulting for a group called "Teen Challenge").

WHEREFORE, defendant seeks a further downward departure,[2] or a variance based on defendant's good works.

Respectfully submitted,

/s/ Thomas A. Bergstrom
Thomas A. Bergstrom (PA 21131)
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19103
215-665-8700
thomas.bergstrom@bipc.com

Date:   February 3, 2014

---

[1] The district court did not set forth the specific grounds for the departure on the record, but granted a downward departure to both defendants and cited several grounds, with an emphasis on good works and community support. *Ali*, 507 F.3d at 148. The Third Circuit remanded with instructions for the court to set forth on the record the specific grounds for the departure. *Id* at 151.

[2] The government will file a motion pursuant to 5K on behalf of defendant.

## CERTIFICATE OF SERVICE

I, Thomas A. Bergstrom, hereby certify that on February 3, 2014, I caused to be served a true and correct copy of the foregoing Defendant's Supplemental Memorandum in Aid of Sentencing-Departure for Good Works by electronic mail and United States first class mail, postage prepaid, upon the following:

*(via electronic mail)*

>A. Nicole Phillips, Esquire
>Assistant U.S. Attorney
>615 Chestnut Street, Suite 1250
>Philadelphia, PA  19106
>andrea.phillips@usdoj.gov
>
>Tiwana L. Wright, Esquire
>United States Department of Justice
>Room 7133
>601 D Street, NW
>Washington, DC  20530
>tiwana.wright@usdoj.gov

>/s/ Thomas A. Bergstrom
>Thomas A. Bergstrom